UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOANNE VIERA,

                     Plaintiff,

    -against-                                   3:20-CV-0898 (LEK/ML)

SPECIALIZED LOAN SERVICING;
HEATHER C. ROGERS,

                     Defendants.

## DECISION AND ORDER

**I.**    **INTRODUCTION**

      Pro se Plaintiff commenced this action on August 10, 2020, alleging state law claims as a result of a foreclosure on her property. See Dkt. No. 1 ("Complaint"). Plaintiff amended her Complaint on September 15, 2020. See Dkt. No. 5 ("Amended Complaint"). Plaintiff filed an Affidavit of Service for Amended Complaint served on Defendant Heather C. Rogers, who then timely filed a motion to dismiss. See Dkt. Nos. 7, 8. Plaintiff did not file a response. See Docket. For the reasons that follow, Defendant Rogers' motion to dismiss is granted.

**II.**    **BACKGROUND**

      The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

      Plaintiff Joanne Viera purchased real property in Vestal, New York in October of 2006. See Am. Compl. ¶ 3A. On June 1, 2017, a foreclosure proceeding was commenced against Plaintiff's property by a foreclosing party who is not present in this case. See EFCA2017001203 - Broome County Supreme Court,

https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=DU5evDj6kusRqreMb3S2yA==

&display=all ("Underlying Lawsuit").[1] Ultimately, on March 19, 2020, the state court issued its Judgment of Foreclosure and Sale in favor of foreclosing plaintiff and against Joanne Viera[2]. See id. at Dkt. Nos. 105, 107.

Defendant Rogers is the managing partner at Davidson Fink, LLP. Am. Compl. ¶ 11. Plaintiff accuses Rogers of actively pursuing Plaintiff's property "through the guise of representing [a third party]." Id. Rogers "acted with intent to deceive the plaintiff and the Sixth Judicial District of Broome County, New York." Id. ¶ 12. Furthermore, Rogers is "educated in Real Estate Law therefore used the financial collapse of 2008 to manipulate the plaintiff and judicial system for financial gain." Id.[3] In addition to the fraud claims, reading the Complaint liberally, Plaintiff's Amended Complaint also includes "an equitable common law action to quiet title or action pursuant to Article 15 of the Real Property Actions and Proceedings Law [.]" Id. ¶ 2.

III. LEGAL STANDARD

---

[1] In this Memorandum-Decision and Order, the Court will refer to the foreclosure proceeding as the "Underlying Lawsuit." The Court takes judicial notice of the Underlying Lawsuit: Morgan Stanely Mortgage Loan Trust 2007-7ax et al. v. Joanne Burnett et al., No. EFCA2017001203 (Broome Cnty. Sup. Ct.). See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation[.]'") (quoting Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991)).

[2] As indicated in the caption of the Amended Complaint, Joanne Viera used to be "Joanne Burnett." Am. Compl.

[3] On April 17, 2019, Rogers and Davidson Fink, LLP substituted as attorneys in the state court foreclosure proceeding. Underlying Lawsuit at Dkt. No. 68.

### A. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein,

3

the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(a)(3). Under such circumstances, dismissal is appropriate where the movant's argument for dismissal is "facially meritorious." See Albino v. City of Amsterdam Police, No. 19-CV-1415, 2020 WL 7024388, at *2 (N.D.N.Y. Nov. 30, 2020) (internal citation omitted) (Kahn, J.); see also Herring v. Tabor, No. 12-CV-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious'" (citation omitted)).

## IV. DISCUSSION

Plaintiff has failed to respond in opposition to Defendant Rogers' motion to dismiss. The Court finds that Rogers has met his lightened burden.

Rogers contends the following: (1) the Amended Complaint fails to state a claim for fraud and it does not satisfy the heightened pleading requirements of F.R.C.P. 9(b); (2) the Amended Complaint should be dismissed pursuant to the Rooker-Feldman doctrine; and (3) any allegations founded upon a lack of standing in the Underlying Lawsuit are barred by issue preclusion. See Dkt. No. 8-2 at 3–5. Since Rogers accurately cited proper legal authority and facts supporting the grounds upon which the motion is based and Plaintiff failed to respond in opposition, the Court finds that Rogers' motion is facially meritorious. See Rodriguez v. Goord, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) ("Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion"); see also Sanchezmartino v. Demmon, No. 16-

4

CV-0139, 2017 WL 1098168, at *3 (N.D.N.Y. Feb. 23, 2017) ("Because defendants have accurately cited both proper legal authority and evidence in the record supporting the grounds on which their motion is based, and plaintiff has failed to respond in opposition, I find that defendants' motion is facially meritorious."). Thus, the motion to dismiss the Amended Complaint is granted.[4]

### V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant Rogers' Motion to Dismiss (Dkt. No. 8) is **GRANTED** and Plaintiff's claims against Defendant Rogers are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      August 18, 2021
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[4] At this time, the Court expresses no judgment on whether the Amended Complaint would be dismissed had it been properly opposed.