UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOANNE VIERA,

                              Plaintiff,                    3:20-cv-00898 (BKS/ML)

v.

SPECIALIZED LOAN SERVICING, LLC,

                              Defendant.

**Appearances:**

*Plaintiff pro se:*
Joanne Viera
Libson, CT 06351

*For Defendant:*
Richard Nicholas Franco
Davidson Fink LLP
400 Meridian Centre Blvd., Suite 200
Rochester, NY 14618

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER TO SHOW CAUSE**

Plaintiff Joanne Viera brings this action for fraud and to quiet title pursuant to Article 15

of the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendant

Specialized Loan Servicing, LLC. (Dkt. Nos. 1, 5). Plaintiff asserts that this Court has subject-

matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the

federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000

and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul*

*Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that

"[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity"

between plaintiffs and defendants (internal quotation marks omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of

the proceedings, may raise the question of whether the court has subject matter jurisdiction."

*United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d

298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols,*

*Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a

fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to

disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen*

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "[A] plaintiff premising federal

jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations

to show that the district court has subject matter jurisdiction." *Durant*, 565 F.3d at 64 (citing Fed.

R. Civ. P. 8(a)(1)).

In her Amended Complaint, Plaintiff alleges she is "of the Town of Lisbon, County of

New London, Connecticut," (Dkt. No. 5, at 1), and that Defendant Specialized Loan Servicing,

LLC, is "of the City of Highlands Ranch, County of Douglas, Colorado," (*id.*). She also alleges:

"[Defendant] is . . . owned by Australia's Computershare. As of November 30, 2011,

[Defendant] has operated as a subsidiary of Computershare Limited." (*Id.* at 2–3).

Plaintiff's allegation that she is "of" Connecticut is insufficient to allege her citizenship.

The citizenship of an individual is determined based upon her domicile, which is defined as "the

place where a person has h[er] true fixed home and principal establishment, and to which,

whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*,

232 F.3d 38, 42 (2d Cir. 2000) (citation omitted); *see Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir.

2017) ("One may have more than one residence in different parts of this country or world, but a

person may have only one domicile.") (citation omitted). Since Plaintiff does not adequately

identify her own citizenship or domicile, she has failed to properly allege diversity jurisdiction.

Moreover, while a corporation is considered a citizen of both the state "by which it has

been incorporated" and the state "where it has its principal place of business," 28 U.S.C. §

1332(c)(1), "a limited liability company . . . takes the citizenship of each of its members."

*Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir.

2012). "[I]t is membership, not ownership, that is critical for determining the citizenship of an

LLC." *Post v. Biomet, Inc.*, No. 20-cv-527, 2020 WL 2766210, at *1, 2020 U.S. Dist. LEXIS

93170, at *3–4 (M.D. Fla. May 28, 2020) (noting that, while the terms "owner" and "member"

are sometimes used synonymously with respect to LLCs, these terms are not always

interchangeable, and there are ways that a corporation can wholly own an LLC without being a

member). The owner of a subsidiary, even the sole owner, "may or may not be a member—or the

sole member" of its subsidiary. *Marks v. Wal-Mart La., LLC*, No. 16-cv-00419, 2016 WL

2654372, at *2, 2016 U.S. Dist. LEXIS 59774, at *4 (W.D. La. May 3, 2016). Thus, an

allegation that a limited liability company is a "subsidiary" of a corporation, without additional

allegations as to its membership, is insufficient to establish its citizenship. *See Kylochko v.

Biomet, Inc.*, No. 14-cv-196, 2014 WL 1377820, at *1, 2014 U.S. Dist. LEXIS 50821, at *2

(M.D. Fla. Apr. 8, 2014) (finding that the court could not determine the citizenship of the

defendants when the plaintiff alleged that a defendant LLC was a "subsidiary" of another LLC,

which was a "subsidiary" of a defendant corporation); *Advanced Techs. & Installation Corp. v.

Nokia Siemens Networks US, LLC*, No. 09-cv-6233, 2011 WL 198033, at *3, 2011 U.S. Dist.

LEXIS 5262, at *8 (D.N.J. Jan. 20, 2011) (finding that it was "legal error" to "conclud[e] that a

wholly-owned subsidiary necessarily has only one member" when, under Delaware law, "a limited liability company may have members that are not owners").

Plaintiff alleges that Defendant "is owned by Australia's Computershare" and "has operated as a subsidiary of Computershare limited," with no further allegations regarding its membership. (*See* Dkt. No. 5, at 2–3). These allegations are insufficient to establish Defendant's citizenship, and that there is complete diversity of citizenship among the parties, because Plaintiff does not identify the citizenship of each of Defendant's members. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").

Accordingly, it is

**ORDERED** that both parties shall file a letter brief, not to exceed fifteen pages, by September 9, 2022 showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that the parties shall submit supporting evidence, including affidavits, identifying Plaintiff's citizenship, and the citizenship of each member of Defendant Specialized Loan Servicing, LLC. If any of the members of Defendant Specialized Loan Servicing, LLC is an LLC, the parties shall identify the citizenship of each member.

**IT IS SO ORDERED.**

Dated: <u>August 29, 2022</u>
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge