UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOANNE VIERA,

                              Plaintiff,                      3:20-cv-00898 (BKS/ML)

v.

SPECIALIZED LOAN SERVICING LLC,

                              Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Joanne Viera
Lisbon, CT 06351

*For Defendant:*
Richard N. Franco
Todd Z. Marks
Sean P. Williams
Davidson Fink LLP
400 Meridian Centre Blvd. – Suite 200
Rochester, NY 14618

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Joanne Viera, a citizen of Connecticut, brings this action for fraud and to quiet title pursuant to Article 15 of the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendant Specialized Loan Servicing LLC ("SLS"). (Dkt. Nos. 1, 5). Defendant moves to dismiss Plaintiff's fraud claim under Federal Rule of Civil Procedure 12(c) and asserts that Plaintiff's request to quiet title is barred by the *Rooker-Feldman* doctrine and

issue preclusion. (Dkt. No. 45). Defendant's motion has been fully briefed. (Dkt. Nos. 48, 51). For the reasons that follow, Defendant's motion is granted.

## II.     FACTS[1]

### A.     State Court Proceedings

Plaintiff purchased real property in Vestal, New York in October 2006, and executed a mortgage with Florida Capital Bank, N.A. d/b/a Florida Capital Bank Mortgage as her lender. (*See* Dkt. No. 5, at 2, 8). Plaintiff's mortgage loan was "sold, liquidated, and repurchased several times," and assigned in 2012 to U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX ("Morgan Stanley Trust"). (Dkt. No. 48, at 12; Dkt. No. 5, at 2–3); *Morgan Stanley*, Dkt. No. 1, at 4 (filed June 1, 2017). Defendant SLS became the loan servicing agent ("servicer") of Plaintiff's loan. *Morgan Stanley*, Dkt. No. 89, at 8 (filed Jan. 9, 2020). SLS is a "third-party mortgage servicer/debt collector that is owned by Australia's Computershare," and has "operated as a subsidiary of Computershare Limited." (Dkt. No. 5, at 2–3).

On June 1, 2017, the Morgan Stanley Trust filed a summons and complaint in Broome County Supreme Court, alleging that Plaintiff had not made installment payments since September 1, 2016. *Morgan Stanley*, Dkt. No. 1, at 4. SLS sent Plaintiff the 90 Day Pre-

---

[1] The facts are drawn from (1) the Amended Complaint, (2) Plaintiff's opposition to Defendant's motion, to the extent the submission is "consistent with the allegations in the complaint," *see Crum v. Dodrill*, 562 F. Supp. 2d 366, 373–74 & n.13 (N.D.N.Y. 2008); *see also Santana v. City of N.Y.*, No. 15-cv-6715, 2018 WL 1633563, at *4, 2018 U.S. Dist. LEXIS 53865, at *9–11 (S.D.N.Y. Mar. 29, 2018) (considering new factual allegations in pro se plaintiff's opposition to a Rule 12(c) motion to dismiss), (3) the Answer, and (4) documents filed in Plaintiff's state court foreclosure action, *see Morgan Stanley Mortgage Loan Trust 2007-7AX v. Burnett*, New York State Supreme Court, Broome County, Index No. EFCA2017001203 (filed June 1, 2017); *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). The Court assumes the truth of, and draws reasonable inferences from, Plaintiff's well-pleaded factual allegations.

2

Foreclosure Notice on August 23, 2016, and the Notice of Default and Notice of Intent to Foreclose on November 22, 2016. *Id.*, Dkt. No. 89, at 47, 53–57.

Plaintiff filed a motion to dismiss the Morgan Stanley Trust's complaint for lack of standing, because the Trust had failed to produce the original note. *Morgan Stanley*, Dkt. No. 14, at 1, 3 (filed July 5, 2017). The Broome County Supreme Court denied Plaintiff's motion, because the Morgan Stanley Trust had submitted sufficient evidence that it was the transferee and holder of the original note as well as the assignee of the mortgage and therefore had met its prima facie burden to plead standing. *Id.*, Dkt. No. 24, at 1–2 (filed Sept. 12, 2017).

On April 2, 2018, the Morgan Stanley Trust filed a proposed Order of Reference and Default Judgment. *Id.*, Dkt. No. 29. It attached as an exhibit an Affidavit of Ownership signed by Cynthia Wallace, the Second Assistant Vice President of SLS, attesting that as the servicer for the Morgan Stanley Trust, SLS "is entitled to maintain an action to enforce the terms of the note." *Id.*, Dkt. No. 31, at 5 (filed Apr. 2, 2018). The court issued an Order of Reference and Default Judgment against Plaintiff on July 13, 2018. *Id.*, Dkt. No. 50.

Plaintiff filed a motion to reopen on August 30, 2018. *Id.*, Dkt. No. 55. She argued that SLS had "NEVER provided any tax returns of the REMIC Trust whose name[] collection or enforcement is sought," that "[t]here is no REMIC Trust," that SLS "provided the retainer and hired the law firm in this case," and that "[f]alse information and documentation were submitted to this Court." *Id.* at 2. The court denied this motion on October 23, 2018. *Id.*, Dkt. No. 64.

On March 19, 2020, the Broome County Supreme Court granted the Morgan Stanley Trust's motion for a Judgment of Foreclosure and Sale. *Id.*, Dkt. No. 105.

B. **Plaintiff's Allegations**

Plaintiff initiated this action against SLS on August 10, 2020, (Dkt. No. 1), seeking "to quiet title to real property in the Town of Vestal, County of Broome, New York." (Dkt. No. 5, at

3

1). Plaintiff alleges that Defendant "has made a claim to the property," and that a "Lis pendens was filed with the plaintiff listed as: 2007-7AX Morgan Stanley Trust, U.S. Bank, N.A. as Trustee." (*Id.* at 2). Plaintiff alleges that "Defendant claims a lien against the property adverse to Plaintiff," but "Defendant's claim is without any right whatsoever, and Defendant has no estate, right, title, lien, or interest whatever in or to the Property or to any part of the Property" because it is a "third-party debt collector of old debt." (*Id.* at 4). According to Plaintiff, "[a] Trust and Trustee can not [sic] foreclose on property in New York, only the 'lender' can foreclose," because New York is a "Mortgage State." (*Id.* at 2). Plaintiff alleges that she has no "lender relationship" with the Morgan Stanley Trust, which is a "bankrupt trust" "subject to many lawsuits because of fraudulent activity." (*Id.* at 2, 4). Plaintiff alleges that "all claim, right, title, or interest of Defendant in and to the property . . . has been extinguished," that Plaintiff "is the true owner of this real property and the legal and equitable owner of it in fee simple," and that "[a]ny and all claims, right, title, or interest of Defendant[] to the real property described in this complaint is inferior to that of the Plaintiff." (*Id.* at 4).

Plaintiff also alleges that Defendant "hired several law firms to obtain the plaintiff's property." (*Id.* at 5). However, "[t]he retainer agreement and the IRS Form 1066 indicating an active trust with the plaintiff's relationship to the trust has not been disclosed." (*Id.*).

Plaintiff adds in her response to Defendant's motion various allegations that Defendant "is NOT the identity that initiated a complaint against the plaintiff's property in New York," (Dkt. No. 48, at 2), "played no role in any foreclosure actions against the plaintiff," (*id.* at 5), and "had no knowledge of the alleged State Court proceedings," (*id.* at 12). She also alleges that "'[o]n behalf of the certificate holders' is a false statement," (*id.* at 3), "[t]he claim of representing the alleged certificate holder is false," (*id.* at 5), and "[t]he claim of representing the

4

Morgan Stanley Trust 2007-7AX certificate holders is being used by attorneys to deceptively commit fraud upon the court for profit," (*id.*). Plaintiff also makes several allegations regarding the propriety and legitimacy of buying and selling her mortgage loan. (*See, e.g.*, *id.* at 2 ("The alleged mortgage loan was sold into the Trust that is said to have failed. The alleged mortgage loan was sold into the trust and the lender was then paid in full. It is now said that the alleged loan was written off years ago. Morgan Stanley did not repurchase it back in 2007."), 10 ("The plaintiff's original servicer, American Home Mortgage Servicing Inc. was sold to Wilbur Ross & Co. LLC, as part of bankruptcy liquidation" and "[i]t should be illegal to sell a person's home loan into a gambling casino"), 12 ("The initial mortgage loan was paid in full. The mortgage loan was sold, liquidated, and repurchased several times[;] this alone appears crooked on its face.")). Finally, Plaintiff alleges that, according to the Better Business Bureau, 359 complaints have been closed against Defendant in the last three years, 126 in the last year, and that "[o]nly 38 of the complaints have been resolved to the satisfaction of the complainant." (*Id.* at 24–25). According to Plaintiff, many of these complainants "indicate that their mortgages were sold without their consent, and that SLS institutes new methods of distributing mortgage payments that result in increased interest rates, missed payments, late fees, and reports of delinquencies on their credit reports," and that 63 negative reviews allege abusive customer service and fraudulent business practices. (*Id.*).[2]

### III.   STANDARD OF REVIEW

"When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds . . . the Court must consider the Rule

---

[2] Plaintiff also cites to and quotes from several articles and court cases involving Morgan Stanley and SLS. (*Id.* at 5–8, 10–12, 17–20, 23–24).

5

12(b)(1) motion first." *Craig x. Saxon Mortg. Servs., Inc.*, No. 13-cv-4526, 2015 WL 171234, at *4, 2015 U.S. Dist. LEXIS 3819, at *11–12 (E.D.N.Y. Jan. 13, 2015) (internal quotations and citation omitted). A motion to dismiss under the *Rooker-Feldman* doctrine is considered a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

**IV.   ANALYSIS**

The *Rooker-Feldman* doctrine bars federal claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). There are four "requirements" that must be satisfied before *Rooker-Feldman* applies: (1) the "federal-court plaintiff must have lost in state court," (2) the plaintiff "must complain of injuries caused by a state-court judgment," (3) the plaintiff "must invite district court review and rejection of that judgment," and (4) the state-court judgment "must have been rendered before the district court proceedings commenced." *Green*, 585 F.3d at 101 (citing *Hoblock*, 422 F.3d at 85) (internal quotation marks and brackets omitted). The underlying

principle of the *Rooker-Feldman* doctrine is that, "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85.

Here, it is difficult to discern what conduct or injury Plaintiff complains of, or to what extent her allegations involve Defendant as opposed to other entities involved in her mortgage and foreclosure. Reading her allegations liberally, Plaintiff appears to seek to quiet title to her property as well as punitive damages based on Defendant's role in the state foreclosure proceeding, because (1) Defendant, as her loan servicer, has no claim to her property, (2) the Morgan Stanley Trust did not have standing to foreclose on her property, and (3) attorneys made false statements about representing the Morgan Stanley Trust certificate holders. (*See generally* Dkt. Nos. 5, 48).

The first and fourth *Rooker-Feldman* requirements have been met, as the Broome County Supreme Court entered a Judgment of Foreclosure and Sale against Plaintiff and in favor of the Morgan Stanley Trust prior to the commencement of this action. *See, e.g.*, *Hylton*, 338 F. Supp. 3d 263, 274 (S.D.N.Y. 2018) (finding the first and fourth requirement "clearly met" when the federal plaintiff lost in a foreclosure action in state court prior to the filing of the federal case).[3]

As to the second and third requirements, to the extent Plaintiff seeks to quiet title to her property based on Defendant's role in the state court foreclosure action, "[i]t is well settled that such quiet title claims are barred under *Rooker-Feldman*." *Gifford v. United N. Mortg. Bankers, Ltd.*, No. 18-cv-6324, 2019 WL 2912489, at *10, 2019 U.S. Dist. LEXIS 112796, at *27 (S.D.N.Y. July 8, 2019) (citing, inter alia, *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (affirming dismissal of plaintiff's quiet title claim

---

[3] Plaintiff argues that *Rooker-Feldman* does not apply because Defendant was not a party to the state-court proceedings. (*See* Dkt. No. 48, at 5). However, *Rooker-Feldman* "does not require the federal court defendants to have been party to the state court proceedings." *Omotosho v. Freeman Investment & Loan*, 136 F. Supp. 3d 235, 246–47 (D. Conn. 2016).

7

because it "challenge[d] [the state-court foreclosure] judgment and effectively request[ed] that the federal district court rule that the judgment was void"); *Riley v. Comm'r of Fin. of N.Y.C.*, 618 F. App'x 16, 17 (2d Cir. 2015) (summary order) (affirming dismissal of plaintiff's quiet title claim because plaintiff's "claimed ownership of the property . . . was already fully adjudicated and rejected in the prior state-court proceedings")).

First, the injury underlying Plaintiff's request to quiet title is the foreclosure of her home, which was directly caused by the state-court judgment of foreclosure. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (holding that, "[t]o the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently" by the defendants' misrepresentations that they had standing and submissions of fraudulent title documents, "*Rooker-Feldman* bars [his] claim," because his injury was the state foreclosure judgment itself, as evidenced by his request for title to his property); *Ward v. Bankers Tr. Co.*, 09-cv-1943, 2011 WL 1322205, at *6–7, 2011 U.S. Dist. LEXIS 32796, at *18–20 (E.D.N.Y. Mar. 29, 2011) (finding when the plaintiff alleged that a "fraudulent action" in state court "defrauded" her of her home and sought "restoration of the deed in her name," her "principal injury [was] the divestiture of title to her home, and attendant dispossession," which were caused by the state-court judgment).

Second, Plaintiff's claim to quiet title to her property based on Defendant's role in the foreclosure invites the Court to review the state-court judgment of foreclosure. *See, e.g.*, *Pennicott v. JPMorgan Chase Bank, N.A.*, No. 16-cv-3044, 2018 WL 1891312, at *3, 2018 U.S. Dist. LEXIS 65723, at *7–8 (S.D.N.Y. Apr. 18, 2018) ("*Rooker-Feldman* bars claims that ask a court to find a defendant lacked standing to pursue foreclosure in a prior state court action, because such claims require a court to sit in review of the state court judgment."); *Ward*, 2011

WL 1322205, at *6–7, 2011 U.S. Dist. LEXIS 32796, at *18–20 (finding the plaintiff's fraud claims based on allegations of "forged documents" being presented in the underlying state foreclosure action barred by *Rooker-Feldman* because a ruling in the plaintiff's favor "would effectively declare the state-court judgments of foreclosure and eviction fraudulently procured and thus void" (brackets and citation omitted)). Accordingly, Plaintiff's quiet title claim is dismissed under the *Rooker-Feldman* doctrine for lack of jurisdiction.

Plaintiff also requests punitive damages. (Dkt. No. 5, at 7). To the extent Plaintiff seeks punitive damages for fraud during the foreclosure proceeding, but still claims injury caused by the foreclosure proceeding and invites the court to review the foreclosure judgment, those claims are barred by *Rooker-Feldman*. *See, e.g.*, *Francis v. Nichols*, No. 16-cv-1848, 2017 WL 1064719, at *6 n.5, 2017 U.S. Dist. LEXIS 40714, at *17 n.5 (S.D.N.Y. Mar. 21, 2017) (suggesting that claims centering on defendants' "wrongful assertion of standing entitling them to pursue foreclosure" were barred, even though the plaintiff requested damages, because holding that defendants did not have standing would require the court to review and reject the state court's holding that they did); *Webster v. Wells Fargo Bank, N.A.*, No. 08-cv-10145, 2009 WL 5178654, at *9, 2009 U.S. Dist. LEXIS 120952, at *25 (S.D.N.Y. Dec. 23, 2009) (dismissing plaintiff's claims for damages and punitive damages resulting from her foreclosure, as *Rooker-Feldman* "bars Plaintiffs 'from raising claims that allege injuries resulting from the state[-]court judgment permitting foreclosure to proceed'" (citation omitted)). However, *Rooker-Feldman* "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment.'" *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (quoting *Vossbrinck*, 773

F.3d at 427); *see also Francis*, 2017 WL 1064719, at *5, 2017 U.S. Dist. LEXIS 40714, at *13–14 ("Fraud claims are not barred by *Rooker-Feldman* if (i) they seek damages for injuries suffered from the alleged fraud and (ii) their adjudication 'does not require the federal court to sit in review of the state court judgment.'"); *Worthy-Pugh*, 664 F. App'x at 21 ("The *Rooker–Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment."); *Beasley v. Indy Mac Bank*, 16-cv-4629, 2018 WL 1611667, at *7, 2018 U.S. Dist. LEXIS 31883, at *19–20 (E.D.N.Y. Feb. 26, 2018) ("[A] liberal reading of Plaintiff's *pro se* Complaint indicates that it is this underlying alleged conduct—the alleged misrepresentations and failures to disclose related to the mortgage loan's origination, servicing, and securitization . . .—for which Plaintiff seeks redress, rather than the state court judgment itself. The state court judgment and alleged conduct forming the basis for Plaintiff's claims are therefore independent and separate from one another, precluding application of *Rooker-Feldman*." (collecting cases)), *report and recommendation adopted by* 2018 WL 1611382, 2018 U.S. Dist. LEXIS 56841 (E.D.N.Y. Mar. 31, 2018).

The Court, reading Plaintiff's pro se allegations liberally, cannot discern a theory of injury underlying Plaintiff's request for punitive damages involving fraud *independent of* the foreclosure judgment and which does not ask the Court to review that judgment. Plaintiff's amended complaint is therefore dismissed without prejudice in its entirety under the *Rooker-Feldman* doctrine.[4] Furthermore, the Court notes that to the extent Plaintiff seeks to bring a claim for damages based on fraud that is not barred by *Rooker-Feldman* she would need to adequately plead the claim under Fed. R. Civ. P. 9(b). To allege fraud under New York law,

---

[4] In light of this holding, the Court need not reach Defendant's other arguments for dismissal.

10

Plaintiff must allege "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[,] and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009). Plaintiff must allege "specific facts as to the fraud, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (citing Fed. R. Civ. P. 9(b)). Rule 9(b) requires that a complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993).[5]

## V.  LEAVE TO AMEND

Plaintiff's quiet title claim is dismissed as barred by the *Rooker-Feldman* doctrine without leave to amend. Although Plaintiff has not requested leave to amend her complaint, in recognition of Plaintiff's status as a pro se litigant, Plaintiff may seek leave to amend to the extent she intends to assert a fraud claim for damages which does not invite review and rejection of the state-court foreclosure judgment. If Plaintiff seeks to file a Second Amended Complaint, Plaintiff must first file a letter brief, along with a proposed second amended complaint, within twenty-one days of this Order; the letter brief must detail how the proposed pleading cures the deficiencies the Court has identified and how her allegations satisfy the pleading requirements of Rule 9(b). Defendant may respond to Plaintiff's letter brief within fourteen days, and any

---

[5] The only specific "false" statement that Plaintiff identifies is: "The claim of representing the alleged certificate holders is false. The claim of representing the Morgan Stanley Trust 2007-7AX certificate holders is being used by attorneys to deceptively commit fraud upon the court for profit." (Dkt. No. 48, at 5; *see also id.* at 3). Plaintiff, however, does not identify the specific allegedly false statement, who made this statement, or when and where. *See Wilson v. Neighborhood Restore Dev.*, No. 18-cv-1172, 2019 WL 4393662, at *5–6, 2019 U.S. Dist. LEXIS 157275, at *14–15 (E.D.N.Y. Sept. 13, 2019) (dismissing plaintiff's claims for damages because, although they were not barred by *Rooker-Feldman*, the complaint only "contain[ed] a number of conclusory statements that Defendants engaged in fraud in connection with the state court foreclosure proceedings" and the plaintiff had not identified particular fraudulent statements, "let alone stated when, where, and by whom the statements were made").

11

response by Defendant must identify the *members* of Specialized Loan Servicing Holdings LLC, in order to permit the Court to determine if it has subject matter jurisdiction over this action.[6] The Court will determine whether to permit an amendment following this briefing.

## VI.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 45) is **GRANTED**, and the Amended Complaint (Dkt. No. 5) is **DISMISSED without prejudice**; and it is further

**ORDERED** if Plaintiff seeks to file a Second Amended Complaint, Plaintiff must first file a letter brief, along with a proposed amended complaint, within **TWENTY-ONE (21) DAYS** of this Order; the letter brief must detail how the proposed pleading cures the deficiencies the Court has identified. Defendant may file a response within fourteen days; and it is further

**ORDERED** that if Plaintiff does not file a letter brief proposing amendment within twenty-one days of this Order, this case will be dismissed without further order; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 29, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[6] In response to the Court's order to show cause why this action should not be dismissed for lack of subject matter jurisdiction, Defendant asserted that its sole member is Specialized Loan Servicing Holdings LLC ("SLS Holdings"), a Delaware limited liability company, and that SLS Holdings is "a wholly owned subsidiary of Computershare Limited, an Australian corporation with its principal place of business in Australia." (Dkt. No. 61, ¶¶ 3–4). Because SLS Holdings is an LLC, its citizenship for diversity purposes is determined by the citizenship of each of its members. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Defendant has not, however, expressly identified the *member(s)*—as opposed to the owner—of SLS Holdings. *See Post v. Biomet, Inc.*, No. 20-cv-527, 2020 WL 2766210, at *1, 2020 U.S. Dist. LEXIS 93170, at *3–4 (M.D. Fla. May 28, 2020) (noting that "it is membership, not ownership, that is critical for determining the citizenship of an LLC" and that, while the terms "owner" and "member" are sometimes used synonymously with respect to LLCs, these terms are not always interchangeable). Thus, if Plaintiff submits a proposed amended complaint, Defendant must identify the member(s) of SLS Holdings. If any of the members of SLS Holdings is in turn an LLC, Defendant also must identify the members of that entity.