UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOANNE VIERA,

                              Plaintiff,                        3:20-cv-898 (BKS/ML)

v.

SPECIALIZED LOAN SERVICING LLC,

                              Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Joanne Viera
Lisbon, CT 06351

*For Defendant:*
Todd Marks
Davidson Fink LLP
400 Meridian Centre Blvd. – Suite 200
Rochester, NY 14618

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.   INTRODUCTION**

Plaintiff pro se Joanne Viera brought this action for fraud and to quiet title pursuant to Article 15 of the New York Real Property Actions and Proceedings Law ("RPAPL") against Defendant Specialized Loan Servicing LLC ("SLS"). (Dkt. Nos. 1, 5). On November 29, 2022 the Court granted Defendant's motion to dismiss the amended complaint without prejudice as barred by the *Rooker-Feldman* doctrine and gave Plaintiff an opportunity to seek leave to file a second amended complaint. (Dkt. No. 62). Presently before the Court are Plaintiff's proposed second amended complaint ("SAC") and accompanying letter brief, which the Court treats as a

motion for leave to amend the complaint. (Dkt. No. 63). Defendant opposes Plaintiff's motion. (Dkt. No. 65).[1] For the following reasons, Plaintiff's motion to amend is denied.

## II.     FACTS[2]

Plaintiff purchased real property in Vestal, New York in October 2006, and executed a mortgage with Florida Capital Bank, N.A. d/b/a Florida Capital Bank Mortgage as her lender. (*See* Dkt. No. 5, at 2, 8). Plaintiff's mortgage loan was assigned in 2012 to U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX ("Morgan Stanley Trust"). (Dkt. No. 48, at 12; Dkt. No. 5, at 2–3); *Morgan Stanley*, Dkt. No. 1, at 4 (filed June 1, 2017). Defendant SLS became the loan servicing agent ("servicer") of Plaintiff's loan. *Morgan Stanley*, Dkt. No. 89, at 8 (filed Jan. 9, 2020). SLS is a "third-party mortgage servicer." (Dkt. No. 63, ¶ 3). The Morgan Stanley Trust initiated a foreclosure action in Broome County Supreme Court in June 2017, and the state court granted the Morgan Stanley Trust's motion for a Judgment of Foreclosure and Sale on March 19, 2020. *Morgan Stanley*, Dkt. Nos. 1, 105.

Plaintiff's proposed SAC contains scant factual allegations. Plaintiff alleges that Defendant "has made claim to the property." (Dkt. No. 63, ¶ 3). She further alleges that the note

---

[1] Despite multiple reminders, (*see* Dkt. No. 62, at 11–12 & n.6; Dkt. No. 64), defense counsel failed to clearly identify in its response the member(s) of Specialized Loan Servicing Holdings LLC to enable the Court to determine whether it has diversity jurisdiction. Defendant's latest disappointing response states that it preliminarily "identified Specialized Loan Servicing Holdings LLC, a Delaware Limited Liability Company, as the sole member of Specialized Loan Servicing LLC, and further that there are no members of *the LLC* that reside in Connecticut," without specifically stating whether Specialized Loan Servicing Holdings LLC has any members that reside in Connecticut. (Dkt. No. 65, ¶ 3 (emphasis added)). Since the Court has now twice informed Defendant that it must identify the citizenship of the members of Specialized Loan Servicing Holdings LLC, the Court construes Defendant's submission as indicating that there are no members of that LLC that reside in Connecticut, thereby providing a basis for diversity jurisdiction. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

[2] The facts are drawn from (1) the proposed SAC and (2) documents filed in Plaintiff's state-court foreclosure action. *See Morgan Stanley Mortgage Loan Trust 2007-7AX v. Burnett*, New York State Supreme Court, Broome County, Index No. EFCA2017001203 (filed June 1, 2017); *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). The Court assumes the truth of, and draws reasonable inferences from, Plaintiff's well-pleaded factual allegations. The Court also assumes familiarity with the facts alleged in Plaintiff's original and first amended complaints, (Dkt. Nos. 1, 5), and includes some of those factual allegations for context here.

2

she signed was not a negotiable instrument because it was an "adjustable-rate rider note" and the "principal balance could fluctuate based on the performance of the loan." (*Id.* ¶¶ 4–5 (emphasis omitted)). Plaintiff also alleges that Defendant "acted with unclean hands by filing its complaint [in the state-court foreclosure action] as evidence of standing which contained materially false statements." (*Id.* ¶ 6). Plaintiff seeks punitive damages in the amount of $100,000, compensatory damages in the amount of $150,000, and consequential damages of $150,000 "for the loss of real property." (*Id.* at 5).

Plaintiff's letter brief further states that Defendant "presented misleading information to the court" and "intentionally misled the court" because it was "aware" that the promissory note was "a non-negotiable instrument because it was an Adjustable-Rate Note." (Dkt. No. 63-1, ¶ 5).[3] Plaintiff further asserts that the Morgan Stanley Trust filed a proposed Order of Reference and Default Judgment. (*Id.* ¶ 6). It attached an "Affidavit of Ownership signed by Cynthia Wallace attesting that as the servicer for the Morgan Stanley Trust, SLS 'is entitled to maintain an action to enforce the terms of the note.'" (*Id.*); *see also Morgan Stanley*, Dkt. No. 31, at 5 (filed Apr. 2, 2018). Plaintiff asserts that this was "an intentional act to mislead the court," "[f]alse information was presented," and "the Trust was not involved with the case." (Dkt. No. 63-1, ¶ 6). Plaintiff states that she "was grievously harmed by the intentional fraud committed by [Defendant]." (*Id.*).

---

[3] The Court has considered the relevant facts in Plaintiff's letter brief out of an abundance of deference to her pro se status. The letter brief also states that Defendant continued to send mail to Plaintiff's Vestal, New York address despite being aware of her residence in Connecticut, and that Defendant and its insurance company "have come up missing" in relation to an "environmental oil problem [that] occurred on the property." (Dkt. No. 63-1, ¶¶ 1, 3, 4). These factual assertions do not appear to be related to Plaintiff's claim(s). Plaintiff also appears to suggest that, because this Court has diversity jurisdiction over this action, the state court lacked jurisdiction over the foreclosure action. (*E.g.*, *id.* ¶ 3). However, the fact that a federal district court may have diversity jurisdiction over an action does not divest a proper state court of jurisdiction to hear the same matter.

## III. STANDARD OF REVIEW

In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may, however, "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)). In making this determination, the court must "consider 'the proposed amendment[s] . . . along with the remainder of the complaint,' accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.* (internal citation omitted).

## IV. ANALYSIS

Plaintiff's submissions do not detail how the proposed SAC cures the deficiencies the Court identified in its November 29, 2022 decision or how her allegations "satisfy the pleading requirements of Rule 9(b)." (*See* Dkt. No. 62, at 11). Defendant argues that the proposed SAC is barred by the *Rooker-Feldman* doctrine because it invites this Court to review the state-court judgment of foreclosure, and that Plaintiff's punitive damages claim "fails to specifically claim injury caused by any conduct." (*See generally* Dkt. No. 65).[4]

As an initial matter, the Court previously dismissed Plaintiff's quiet title claim as barred by the *Rooker-Feldman* doctrine without leave to amend. (Dkt. No. 62, at 11); *see Green v.*

---

[4] Although the Court had not provided Plaintiff with an opportunity to respond to Defendant's letter brief, Plaintiff filed a response on January 12, 2023. (Dkt. No. 66). The Court has considered this submission out of deference to Plaintiff's pro se status but nonetheless concludes that amendment would be futile.

4

*Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (explaining that the *Rooker-Feldman* doctrine bars federal claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). The Court therefore disregards the SAC's reference to "quiet title" on the first page. (Dkt. No. 63, at 1). Plaintiff's request for consequential damages in the amount of $150,000 "for the loss of real property" is similarly barred by *Rooker-Feldman*, as that injury results from the state-court judgment of foreclosure. *See Webster v. Wells Fargo Bank, N.A.*, No. 08-cv-10145, 2009 WL 5178654, at *9, 2009 U.S. Dist. LEXIS 120952, at *25 (S.D.N.Y. Dec. 23, 2009) (dismissing plaintiff's claim for damages resulting from her foreclosure, as *Rooker-Feldman* "bars Plaintiffs 'from raising claims that allege injuries resulting from the state[-]court judgment permitting foreclosure to proceed'" (citation omitted)).

As the Court noted in its prior decision, however, *Rooker-Feldman* "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment.'" *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014)); *see also Francis v. Nichols*, No. 16-cv-1848, 2017 WL 1064719, at *5, 2017 U.S. Dist. LEXIS 40714, at *13–14 (S.D.N.Y. Mar. 21, 2017) ("Fraud claims are not barred by *Rooker-Feldman* if (i) they seek damages for injuries suffered from the alleged fraud and (ii) their adjudication 'does not require the federal court to sit in review of the state court judgment.'"). Here, it is difficult to discern the conduct or injury underlying Plaintiff's requests for compensatory and punitive damages. Reading her allegations liberally,

5

Plaintiff appears to seek damages because Defendant (1) filed a complaint in the state-court foreclosure action "as evidence of standing which contained materially false statements" and (2) "intentionally misled the court" regarding the negotiability of the note. (Dkt. No. 63, ¶ 6; Dkt. No. 63-1, ¶¶ 5–6).

The Court concludes that, even to the extent a liberal reading of Plaintiff's proposed SAC suggests that she intends to assert a claim for damages based on fraud which is not barred by *Rooker-Feldman*, Plaintiff has not adequately pleaded the claim under Federal Rule of Civil Procedure 9(b). To allege fraud under New York law, Plaintiff must allege "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[,] and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009). Plaintiff must allege "specific facts as to the fraud, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (citing Fed. R. Civ. P. 9(b)). Rule 9(b) requires that a complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). With regard to both the issue of standing in the foreclosure action and the negotiability of the note, Plaintiff has failed to identify a specific allegedly false statement, the speaker of that statement, or when and where the statement was made. *See Wilson v. Neighborhood Restore Dev.*, No. 18-cv-1172, 2019 WL 4393662, at *5–6, 2019 U.S. Dist. LEXIS 157275, at *14–15 (E.D.N.Y. Sept. 13, 2019) (dismissing plaintiff's claims for damages because, although they were not barred by *Rooker-Feldman*, the complaint only "contain[ed] a number of conclusory statements that Defendants engaged in fraud in connection with the state

court foreclosure proceedings" and the plaintiff had not identified particular fraudulent statements, "let alone stated when, where, and by whom the statements were made").

Accordingly, the Court denies Plaintiff's motion for leave to file a second amended complaint as futile.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 63) is **DENIED** as futile; and it is further

**ORDERED** that the Clerk of the Court close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>January 19, 2023</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge